UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CLEVELAND CLINIC HEALTH :
SYSTEM-EAST REGION, et al., :
:
      Plaintiffs, :    CASE NO. 1:11-CV-2074
:
  v. :    OPINION & ORDER
:    [Resolving Doc. No. 22]
INNOVATIVE PLACEMENTS, INC., :
et al., :
:
      Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    In this contract dispute, Plaintiffs Cleveland Clinic Health System-East Region d/b/a Huron Hospital and the Cleveland Clinic Foundation ("Cleveland Clinic") allege that Defendants Innovative Placements Inc., and Richard Briganti breached their indemnity obligations under the parties' contract. Currently before the court is nonparty Becker Law Firm's motion to quash a subpoena duces tecum issued to it by the Defendants. For the following reasons, the Court **GRANTS** the motion to quash.

### I. Background

    A brief factual introduction to the facts surrounding the lawsuit will provide context to this discovery dispute. Defendant Innovative Placements, Inc., is a nurse-staffing company which employed codefendant Richard Briganti. Innovative Placements and Cleveland Clinic had a nurse-staffing contract, under which Briganti worked at Huron Hospital/Cleveland Clinic. [Doc. 1-2.]

Case No. 1:11-CV-2074
Gwin, J.

According to Cleveland Clinic, on February 5, 2008, nurse Briganti's negligence caused the death of a patient ("M.D.") who had been under Briganti's care. M.D.'s Estate, represented by nonparty Becker Law Firm ("Becker"), made a claim against Cleveland Clinic. The Defendants refused to participate in defending, resolving, or settling the claim.

Cleveland Clinic and M.D.'s Estate eventually negotiated a settlement agreement, which the parties (and Becker, as the Estate's attorney) agreed to keep confidential. Cleveland Clinic later requested reimbursement from the Defendants under an indemnity agreement, who refused. This lawsuit, for breach of contract, followed.

As part of discovery, Defendants issued a subpoena to Becker requesting the following documents:

> 1. All agreements, including tolling agreements, entered into by the Estate and the Clinic or any entity regarding a claim or cause of action concerning, regarding or relating to the death of [M.D.].
> 2. All agreements, including settlement agreements, entered into by the Estate and the Clinic or any entity regarding a claim or cause of action concerning, regarding or relating to the death of [M.D.].
> 3. All demands, complaints, offers, communications and correspondence, including dates corresponding and/or relating to each demand, complaint, offer, communication and correspondence between Estate and the Clinic or any entity regarding a claim or cause of action concerning, regarding or relating to the death of [M.D.].
> 4. All documents evidencing communications between the Estate and the Clinic or any entity regarding a claim, cause of action, notice, demand, offer, and/or liable third party concerning, regarding or relating to the death of [M.D.].

[Doc. 7-1.]

Becker filed the instant motion to quash, arguing both that the Defendants are improperly seeking discovery from Becker (as opposed to Plaintiff Cleveland Clinic) and that the documents are privileged and undiscoverable. [Doc. 22.] Cleveland Clinic joined Becker's motion, [Doc. 23], and the Defendants oppose the motion, [Doc. 24].

Case No. 1:11-CV-2074
Gwin, J.

## II. Legal Standard

The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Laethem Equip. Co. v. Deere and Co.*, 2007 WL 2873981, at *4 (E.D. Mich. 2007) (internal quotation and citations omitted). That general relevancy standard is very broad. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).

Rule 45 of the Federal Rules of Civil Procedure governs quashing subpoenas. Fed. R. Civ. P. 45. A court must quash a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden. *Id*. at (c)(3)(A)(i)-(iv). The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena, *id*. at (c)(1), but "[t]he movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure." *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008). In evaluating a motion to quash, the court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Id*. (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55. 66 (1st Cir.2003)). "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Id*. (internal citation and quotation marks citation omitted).

-3-

Case No. 1:11-CV-2074
Gwin, J.

However, a court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  *See also* *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.").

### III.  Analysis

The Defendants' subpoena suffers from a number of flaws.  Most important, the Defendants have another viable means—Plaintiff Cleveland Clinic—to obtain the many of documents they requested from Becker.  *See generally* *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that the district court properly required the defendant "to seek discovery from its party opponent before burdening the nonparty").

In fact, Cleveland Clinic points out that they have already "voluntarily provided to the Defendants all documents in [their] possession that are requested in the subpoena . . . ." [Doc. 23]; *see also* [Doc. 22].  The Defendants allege that Cleveland Clinic has failed to produce several documents—namely, transmittal letters that the Defendants claim would have gone along with the settlement agreement and settlement check.  But, other than vague allusions to statute of limitations defenses, the Defendants fail to show how those documents are relevant to their

Case No. 1:11-CV-2074
Gwin, J.

defense or even that such documents necessarily exist. [Doc. 24.] To the contrary, Cleveland Clinic did provide the actual settlement check and the settlement agreement between M.D.'s Estate and Cleveland Clinic (both presumably dated). If there is some skepticism over the transmittal dates, the Defendants can easily obtain that information with an interrogatory or in a deposition directed to Cleveland Clinic. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 33.

Furthermore, the Defendants' request for "all communications," "all agreements," and so on, between Becker and "any entity" concerning M.D.'s estate and claims surrounding his death is both burdensome and unreasonable. The Defendants fail to show how Becker's communications with entities other than the Cleveland Clinic are at all relevant to the pending lawsuit. Indeed, the only pertinent documents are those that Becker exchanged with the Cleveland Clinic. Those documents have already been provided to the Defendants.

Second, the Defendants' sweeping request that Becker's essentially disclose its entire file of information on M.D.'s estate almost certainly touches on privileged information. *See generally In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289 (6th Cir. 2002) (defining attorney-client privilege and the work product doctrine). For example, the Defendants' request for all communication with all other entities includes M.D.'s communications with Becker itself and any communications Becker made on behalf of its client. Privileged information is not discoverable, and without a more specific subpoena, the Court is disinclined to require a nonparty to throw open its files for inspection. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

Therefore, Plaintiff Cleveland Clinic can provide (and seemingly has already provided) all of the relevant and discoverable documents and information to the Defendants. The

Case No. 1:11-CV-2074
Gwin, J.

remainder of the Defendants' subpoena touches on irrelevant, burdensome, and likely privileged material.  Accordingly, the Court **GRANTS** Becker's motion to quash.

    IT IS SO ORDERED.


Dated: January 23, 2012           s/    *James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE