UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CLEVELAND CLINIC HEALTH :
SYSTEM-EAST REGION, et al., :
:
      Plaintiffs, : CASE NO. 1:11-CV-2074
:
  v. : OPINION & ORDER
: [Resolving Doc. Nos. 65; 90; 92; 93]
INNOVATIVE PLACEMENTS, INC., :
et al., :
:
      Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Cross-motions for summary judgment are currently pending before this Court, and the Defendants have also filed four related motions: (1) motion to strike expert witness Michelle Reali-Sorrell's report and exclude her as a witness, [Doc. 65]; (2) motion to strike the declarations of Nancy Falk and John Bulloch, [Doc. 92]; (3) motion in limine to exclude exhibit 3 to the Deposition Transcript of Richard Briganti and to strike Briganti's deposition testimony arising out of exhibit 3, [Doc. 93]; and (4) motion to substitute exhibits, [Doc. 90].

      The Court previously recited the general facts of this case; they remain unchanged for the purposes of this motion:

> Defendant Innovative Placements, Inc., is a nurse-staffing company which employed codefendant Richard Briganti. Innovative Placements and Cleveland Clinic had a nurse-staffing contract, under which Briganti worked at Huron Hospital/Cleveland Clinic. [Doc. 1-2.]
>
> According to Cleveland Clinic, on February 5, 2008, nurse Briganti's negligence caused the death of a patient ("M.D.") who had been under Briganti's care. M.D.'s Estate . . . made a claim against Cleveland Clinic. The Defendants refused to

Case No. 1:11-CV-2074
Gwin, J.

> participate in defending, resolving, or settling the claim.
>
> Cleveland Clinic and M.D.'s Estate eventually negotiated a settlement agreement . . . . Cleveland Clinic later requested reimbursement from the Defendants under an indemnity agreement, who refused. This lawsuit, for breach of contract, followed.

[Doc. 25].

As an initial matter, motions to strike are inappropriate in this context. Federal Rule of Civil Procedure 56(c)(2), does, however, permit pretrial objections: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The advisory committee notes further clarify that "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting. . . . *There is no need to make a separate motion to strike.*" Fed. R. Civ. P. 56, 2010 Advisory Committee Notes (emphasis added).

Thus, "[m]otions to strike should be construed as objections under Rule 56(c)(2)." *Smith v. Interim HealthCare of Cincinnati, Inc.*, 2011 WL 6012971, at *4 (S.D.Ohio Dec. 2, 2011). But the Court's scheduling order dated April 4, 2012, required dispositive motions, responses, and replies, to be filed no later than May 10, 2012. On May 24, 2010, Defendants' filed their motions to "strike declarations of Nancy E. Falk and John T. Bulloch," [Doc. 92], and to "exclude exhibit 3 to the deposition of Richard Briganti and to strike Briganti's deposition testimony arising out of exhibit 3," [Doc. 93]—14 days after the dispositive reply deadline and a full 52 days after the subject declarations and deposition were filed. Accordingly, insofar as those motions to strike, [Docs. 92; 93], are made for the purpose of summary judgment, the Court finds them to be untimely and denies them.[1]

---

[1] The Defendants may, of course, renew their objections at trial. But summary judgment is closed.

Case No. 1:11-CV-2074
Gwin, J.

The Court will, however, consider the merits of the Defendants' motion to strike expert witness Michele Reali-Sorrell's report and exclude her as a witness, [Doc. 65], (timely filed on April 11, 2012), and the motion to substitute exhibits, [Doc. 90].

A. Motion to Strike Michele Reali-Sorrell's Report and Exclude Her as a Witness

The Defendants move to strike the expert report of Michele Reali-Sorrell—a Cleveland Clinic nurse—arguing that it does not comport with Rule 26(a)(2)(c). Plaintiff Cleveland Clinic opposes the motion, arguing that Reali-Sorrell is, and always has been a fact witness who may also provide expert testimony. The Court agrees.

Under Federal Rule of Civil Procedure 26(a)(2)(B), a witness who is "retained or specially employed to provide expert testimony . . . or one whose duties . . . regularly involve giving expert testimony" must provide a written report that fulfills the six requirements of that rule. But a witness like Reali-Sorrell, who is not retained, is not specially employed to provide expert testimony, and does not regularly give expert testimony, is not subject to those requirements. Rather, Reali-Sorrell's expert report is subject to the requirements of Rule 26(a)(2)(C). Indeed, the Advisory Committee Notes provide:

> A witness who is not required to provide a report under Rule 26(a)(2)(b) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide exert testimony. Parties must . . . provide the disclosure required under Rule 26(a)(2)(C).

Fed. R. Civ. P. 26, 2010 Advisory Committee Notes.

Michele Reali-Sorrell is just such a witness: at the time of M.D.'s death, Reali-Sorrell served as the Assistant Nurse Manager of the Huron Hospital Emergency Department. Immediately after M.D.'s death, Reali-Sorrell "personally reviewed [M.D.'s] chart, and confronted Mr. Briganti with

-3-

Case No. 1:11-CV-2074
Gwin, J.

the fact that he had essentially nothing charted . . . ." [Doc. 65-1.] And, she "personally printed out the patient's vital signs from the monitor, so that [M.D.'s] history could be reviewed." [*Id.*] Thus, her primary function is as a fact witness, as Cleveland Clinic correctly designated.

Moreover, Reali-Sorrell's opinion—that Nurse Briganti failed to meet the minimum standard of care—is a simple issue upon which she is qualified and permitted to opine, even without an expert report. Her opinion is based on her personal knowledge of the care Nurse Briganti provided—in fulfillment of her role as the Assistant Nurse Manager—and there is no evidence she formed that opinion at the request of Cleveland Clinic's counsel. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869-70 (6th Cir. 2007). Accordingly, the Court will not exclude the report (which does fulfill the requirements of Rule 26(a)(2)(B)) or Reali-Sorrell's testimony.

B. Motion to Substitute Exhibits

Finally, the Defendants move to substitute exhibits they previously filed. Apparently, the Defendants again declined to consider the Federal Rules of Civil Procedure and filed their expert reports without the required authentication. *See* Fed. R. Civ. P. 56; *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006) ("[T]he [expert] report is unsworn and thus is hearsay, which may not be considered on a motion for summary judgment."). Nonetheless, the Court finds that the substitution will not prejudice the Plaintiffs and that the interests of justice will be served by the substitution. Accordingly, the Court grants the Defendant's motion to substitute exhibits.

For the reasons stated, the Court DENIES Defendant's motion to strike expert witness Michelle Reali-Sorrell's report and exclude her as a witness, [Doc. 65]; DENIES Defendant's motion to strike the declarations of Nancy Falk and John Bulloch, [Doc. 92]; DENIES Defendant's motion in limine to exclude exhibit 3 to the deposition transcript of Richard Briganti and to strike Briganti's

-4-

Case No. 1:11-CV-2074
Gwin, J.

deposition testimony arising out of exhibit 3, [Doc. 93]; and GRANTS Defendant's motion to substitute exhibits, [Doc. 90].

    IT IS SO ORDERED.


Dated: May 30, 2012                      s/ *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE